**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**
**JURY**

| | | |
|---|---|---|
| CARLOS PRINCE, DIANE PRINCE, | § | |
| ABRAHAM PRINCE AND | § | |
| ALEXANDER PRINCE | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:15-CV-00216 |
| | § | |
| TRANSPORTES ZUAZUA, LLC AND | § | |
| ALONSO ERIVES DELGADO | § | |

**DEFENDANT TRANSPORTES ZUAZUA, LLC'S INDEX OF MATTERS BEING FILED**

Now comes Defendant, TRANSPORTES ZUAZUA, LLC, and files this its Index

of Pleadings filed in Cause No. **2015-CV5-002742-D4** in the 406th Judicial District Court

of Webb County, Texas.

| NUMBER | DATE FILED | DESCRIPTION |
|---|---|---|
| 1. | 08/12/15 | Plaintiffs' Original Petition and Citation to Transportes ZuaZua, LLC. |
| 2. | 08/14/15 | Notice of Calendar Call. |
| 3. | 09/01/15 | Return Receipt Showing Service as to Transportes ZuaZua, LLC. |
| 4. | 09/02/15 | Citation by Certified Mail Returned Unexecuted "Return to Sender-Insufficient Address-Unable to Forward-Return to Sender" as to Alonso Erives Delgado. |
| 5. | 09/18/15 | Defendant Transportes ZuaZua, LLC's Motion to Transfer Venue and Subject Thereto, Original Answer. |
| 6. | 09/23/15 | Fiat Setting Defendant Transportes ZuaZua, LLC's Motion to Transfer Venue and Subject Thereto, Original Answer. |
| 7. | 09/25/15 | Plaintiffs' First Amended Petition. |

8.          09/25/15          Plaintiffs' Notice of Nonsuit.

9.          09/28/15          Defendant Transportes ZuaZua, LLC's Notice of Removal.

Respectfully submitted,

**DAVIDSON TROILO REAM & GARZA, P.C.**
7550 West I.H. 10, Suite 800
San Antonio, Texas  78229
Telephone:  (210) 349-6484
Facsimile:   (210) 349-0041


*//s//  David R. Rangel*
**DAVID R. RANGEL**
State Bar No. 24041749
Federal I.D. No. 875461
drangel@dtrglaw.com

**ATTORNEYS FOR DEFENDANT
TRANSPORTES ZUAZUA, LLC**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of the foregoing document has been forwarded to the following counsel pursuant to the Federal Rules of Civil Procedure, on this the 28th day of September, 2015:

Mr. Thomas J. Henry
Mr. Edwin L. McAninch, *Of Counsel*
**THOMAS J. HENRY, INJURY ATTORNEYS**
521 Starr Street
Corpus Christi, Texas 78401


*//s//  David R. Rangel*
**DAVID R. RANGEL**

2

"SERVE"
2015CVT002742 D4

## CITATION BY CERTIFIED MAIL
### THE STATE OF TEXAS

NOTICE TO THE DEFENDANT: "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY.  IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU."

TO:   ALONSO ERIVES DELGADO
      550 4TH STREET
      TORNILLO,  TX 79853

DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE HEREBY COMMANDED TO APPEAR BEFORE THE 406TH DISTRICT COURT of Webb County, Texas, to be held at the said courthouse of said county in the city of Laredo, Webb County, Texas, by filing a written answer to the Petition of Plaintiff at or before 10:00 O'CLOCK A.M. of the Monday next after the expiration of 20 days after the date of service thereof, a copy of which accompanies this citation in the Cause # 2015CVT002742 D4 , styled:

        CARLOS PRINCE, DIANE PRINCE, ABRAHAM PRINCE, AND
        ALEXANDER PRINCE, PLAINTIFFS
        VS.
        TRANSPORTES ZUAZUA LLC AND ALONSO ERIVES DELGADO, DEFENDANTS
Said Plaintiff's Petition was filed on 08/12/2015 in said court by:
        EDWIN L MCANINCH, (ATTORNEY FOR PLAINTIFF)
        521 STARR STREET
        CORPUS CHRISTI,  TX 78401

WITNESS ESTHER DEGOLLADO, DISTRICT CLERK OF WEBB COUNTY, TEXAS, issued and given under my hand and seal of said court at office, this 14 day of August, 2015.

             C  L  E  R  K     O  F     C  O  U  R  T

ESTHER DEGOLLADO, CLERK OF WEBB COUNTY, TEXAS
P.O. BOX 667
LAREDO, TX 78042           BY: _Herlinda Torres_ DEPUTY
                               HERLINDA TORRES

### CLERK'S CERTIFICATE OF SERVICE

     I, Clerk of the District Courts and County Court at Law of Webb County, Texas, certify that I executed the foregoing citation in Webb County, Texas on this 14 day of August, 2015, by placing in the United States mail a true copy of this citation, with true copy of the aforesaid Pleading attached thereto, via Certified Mail No.7015.0920.0000.7485.7520 ADDRESSED TO: ALONSO ERIVES DELGADO, 550 4TH STREET, TORNILLO,     TX 79853, and endorsed thereon "RETURN RECEIPT REQUESTED," after having first endorsed on said copy of said citation the date of mailing and the name and address of the within-named recipient, to certify which witness my hand officially this 14 day of August, 2015.

CALENDAR CALL SET FOR                ESTHER DEGOLLADO
11/24/2015 AT 2:00P.M.               CLERK OF THE DISTRICT COURTS
                                     COUNTY COURT-AT-LAW
ATTACH EVIDENCE OF MAILING           OF WEBB COUNTY, TEXAS
AND RETURN RECEIPT HERE.
                               BY: _Herlinda Torres_ DEPUTY
                                   HERLINDA TORRES

S

B

Filed
8/12/2015 11:51:47 AM
Esther Degollado
District Clerk
Webb District
Linda Torres
2015CVT002742D4

NO. _____

| | | |
|---|---|---|
| CARLOS PRINCE, DIANE PRINCE, | § | IN THE DISTRICT COURT OF |
| ABRAHAM PRINCE, | § | |
| AND ALEXANDER PRINCE | § | |
|     Plaintiffs | § | |
| | § | |
| VS. | § | WEBB COUNTY, T E X A S |
| | § | |
| TRANSPORTES ZUAZUA, LLC and | § | |
| ALONSO ERIVES DELGADO | § | |
|     Defendants | § | _____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

COMES NOW, Carlos Prince, Diane Prince, Abraham Prince and Alexander Prince, Plaintiffs in the above-referenced matter and files their Original Petition complaining of Transportes ZuaZua, LLC, Defendant, and for cause of action would respectfully show unto the Court as follows:

### PARTIES

1.    Plaintiffs Carlos Prince, Diane Prince, Abraham Prince and Alexander Prince are individuals residing in Webb County, Texas.

2.    Defendant Alonso Erives Delgado is a resident of El Paso County, Texas and may be served with process at his place of residence located at 550 4th Street, Tornillo, TX 79853

3.    Defendant Transportes ZuaZua, LLC is a corporation doing business in the State of Texas with its principal place of business at 5517 McPherson Road, Laredo, Texas 78041, Webb County, Texas and may be served with process by serving its registered agent, Larry Burch, 2400 Courage Blvd., #101, Brownsville, TX 78521.

## DISCOVERY LEVEL

4.     Discovery shall be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.

## RULE 47 NOTICE

5.     Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiffs plead an amount in damages in excess of $1,000,000.00.

## VENUE/JURISDICTION

6.     Venue is proper in Webb County, Texas in this case under section 15.002(a)(3) of the Texas Civil Practice and Remedies Code because Webb County, Texas is the county of defendant's principal place of business at the time the cause of action accrued.

## FACTS AND CLAIMS

7.     On or about April 6, 2015, Plaintiff, Carlos Prince, was driving a 2013 GMC Sierra C1500 pickup truck from IH 10 westbound onto NE Loop 410 southbound in Bexar County, Texas, when his vehicle was unexpectedly and suddenly struck from behind by Alonso Erives Delgado (hereinafter "Mr. Delgado"), who was driving a 2002 Kenworth trailer truck, license plate number RM5N85, in the course and scope of his employment with Transportes ZuaZua, LLC (hereinafter "the Incident").

8.     Plaintiffs Diane Prince, Abraham Prince and Alexander Prince were passengers in Plaintiff, Carlos Prince's vehicle at the time the incident occurred.

9.     At all times material to this cause of action, Defendant Transportes ZuaZua, LLC, (hereinafter referred to as "ZuaZua") was engaged in the business of transportation. In connection with its operations, ZuaZua maintains various locomotives, motor cars and trucks,

and other types of equipment and installations incident to general freight and building materials transportation.

10.     According to the Police crash report, ZuaZua is the owner and/or lessee of the 2002 Kenworth trailer truck driven by Mr. Delgado.

<u>DEFENDANT ALONSO ERIVES DELGADO</u>

<u>NEGLIGENCE</u>

11.     The occurrence made the basis of this suit and the resulting injuries and damages of Plaintiffs were proximately caused by the negligent conduct of Mr. Delgado. Mr. Delgado operated his vehicle in a negligent manner by violating the duty owed to the Plaintiffs to exercise ordinary care in the operation of his motor vehicle in one or more of the following respects:

a.     in failing to control speed;

b.     in failing to maintain an assured clear distance ;

c.     in failing to keep a proper lookout or such lookout, which a person of ordinary prudence would have maintained under same or similar circumstances;

d.     in failing to timely apply the brakes of the vehicle in order to avoid the collision in question;

e.     in failing to turn the vehicle in an effort to avoid the collision in question;

f.     in failing to maintain a safe speed; and

g.     failure to take evasive action to avoid the collision.

Mr. Delgado's negligence was a proximate cause of Plaintiffs' injuries alleged herein.

<u>NEGLIGENCE PER SE</u>

12.     Mr. Delgado failed to exercise the mandatory standard of care in violation of the Texas Transportation Code in the following respects:

ORIGINAL PETITION

PAGE 3

a.      Violation of section 545.062(a) of the Texas Transportation Code – "An operator shall, if following another vehicle, maintain an assured clear distance between the two vehicles so that, considering the speed of the vehicles, traffic, and the conditions of the highway, the operator can safely stop without colliding with the preceding vehicle or veering into another vehicle, object, or person on or near the highway."

b.      Violation of section 545.351(a)(1)-(2) of the Texas Transportation Code – "An operator may not drive at a speed greater than is reasonable and prudent under the circumstances then existing and shall control the speed of the vehicle as necessary to avoid colliding with another person or vehicle that is on or entering the highway in compliance with law and the duty of each person to use due care."

13.     Mr. Delgado's violations of sections 545.062(a) and 545.351(a)(1)-(2) of the Texas Transportation Code were proximate causes of Plaintiffs' injuries alleged herein.

<u>GROSS NEGLIGENCE</u>

14.     Mr. Delgado's negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, his conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiffs. Mr. Delgado had actual, subjective awareness of the risk involved but, nevertheless, proceeded with conscious indifference to the rights, safety, or welfare of Plaintiffs or others similarly situated.

15.     Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence, negligence per se and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiffs suffered and which Plaintiffs will continue to suffer in the future, if not for the remainder of their natural lives.

DEFENDANT TRANSPORTES ZUAZUA LLC

RESPONDEAT SUPERIOR

16.     At all times material hereto, Mr. Delgado was acting within the course and scope of his employment with ZuaZua. ZuaZua is liable under the theory of respondeat superior.

17.     ZuaZua is responsible for the acts and/or omissions of Mr. Delgado, which, whether taken singularly or in any combination, constitutes negligence, negligence per se, and gross negligence and was a proximate cause of the collision, injuries and other damages as specifically set forth herein, all of which Plaintiffs have suffered and will continue to suffer in the future, if not for the remainder of their natural lives.

NEGLIGENT HIRING/RETENTION/TRAINING/ENTRUSTMENT

18.     ZuaZua was independently negligent in one or more of the following aspects:

    a.      negligent hiring;

    b.      negligent entrustment;

    c.      negligent review of driver qualifications;

    d.      negligent training and supervision;

    e.      negligent retention;

    f.      negligent contracting; and

    g.      negligent maintenance.

19.     ZuaZua is liable for the negligent entrustment of its vehicle to Mr. Delgado. At all times material hereto, ZuaZua was the owner or lessor of the vehicle operated by Mr. Delgado. ZuaZua negligently entrusted its vehicle to Mr. Delgado, whom ZuaZua, knew or should have known, was an incompetent and/or reckless driver. ZuaZua violated its duty to exercise ordinary care in the entrustment and operation of its motor vehicle to Mr. Delgado.

20.    Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and was a proximate cause of the collision, injuries and damages which Plaintiffs have suffered and will continue to suffer in the future, if not for the remainder of their natural lives.

## GROSS NEGLIGENCE

21.    ZuaZua's negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, ZuaZua's conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiffs. ZuaZua had actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, or welfare of Plaintiffs or others similarly situated.

22.    Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and gross negligence and was a proximate cause of the collision, injuries and damages which Plaintiffs have suffered and will continue to suffer in the future, if not for the remainder of their natural lives.

## DAMAGES

23.    As a direct and proximate result of Defendants' negligent and grossly negligent conduct, Plaintiffs Carlos Prince, Diane Prince, Abraham Prince and Alexander Prince suffered severe bodily injuries. The injuries are permanent in nature and have a serious effect on Plaintiffs' health and well-being. These injuries have caused the Plaintiffs' physical and mental condition to deteriorate generally and have caused and will, in all reasonable probability, cause Plaintiffs to suffer ill effects throughout his body into the future, if not for the balance of his natural life.

24.     As a further result of the Incident, Plaintiffs have incurred expenses for medical care and treatment. These expenses were incurred for the necessary and reasonable care and treatment of the injuries resulting from the incident complained of. The charges are reasonable and are the usual and customary charges made for such services in the County where they were incurred.

25.     As a further result of the injuries sustained by Plaintiffs, there is a reasonable probability that they will require further medical care and attention and will incur future reasonable and necessary expenses for their medical care and attention.

26.     As a consequence of Defendants' acts and/or omissions Plaintiffs further seek recovery of damages for:

        a.     Pain and suffering in the past;
        b.     Pain and suffering in the future;
        c.     Mental anguish in the past;
        d.     Mental anguish in the future;
        e.     Past medical expenses;
        f.     Future medical expenses;
        g.     Physical impairment in the past;
        h.     Physical impairment in the future;
        i.     Physical disfigurement in the past;
        j.     Physical disfigurement in the future;
        k.     Loss of wages in the past;
        l.     Loss of future wage earning capacity;
        m      Pre-judgment interest;
        n.     Post-judgment interest;
        o.     Exemplary damages; and
        p.     Property Damage.

## JURY DEMAND

27.     Plaintiffs demand a trial by jury.

## RULE 193.7 NOTICE

28.     Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiffs hereby gives actual notice to Defendants that any and all documents produced by any Defendant in response to

written discovery may be used against any and all Defendants producing the documents at any pre-trial proceeding and/or at the trial of this matter, without the necessity of authenticating the documents.

## REQUEST FOR RULE 194 DISCLOSURES

29.     Pursuant to Texas Rules of Civil Procedure 194, Defendants are requested to disclose within 50 days after service of the citation and petition the information or material described in Rule 194.2 (a) through (l).

## PRAYER

Plaintiffs pray that the Defendants be cited to appear and answer, and on final trial hereafter, the Plaintiffs have judgment against Defendants in an amount within the jurisdictional limits of this Court, together with all pre-judgment and post-judgment interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiffs may be justly entitled by law and equity, including, but not limited to:

a.     Pain and suffering in the past;
b.     Pain and suffering in the future;
c.     Mental anguish in the past;
d.     Mental anguish in the future;
e.     Past medical expenses;
f.     Future medical expenses;
g.     Physical impairment in the past;
h.     Physical impairment in the future;
i.     Physical disfigurement in the past;
j.     Physical disfigurement in the future;
k.     Loss of wages in the past;
l.     Loss of future wage earning capacity;
m.     Exemplary damages; and
n.     Property Damage.

Respectfully submitted,

THOMAS J. HENRY, INJURY ATTORNEYS

By:    /s/ Edwin L. McAninch
       Thomas J. Henry
       SBN 09484210
       tjhenry@tjhlaw.com
       Edwin L. McAninch, Of Counsel
       SBN 13325050
       emcaninch@tjhlaw.com
       521 Starr Street
       Corpus Christi, Texas 78401
       Tel.: (361) 985-0600
       Fax: (361) 985-0601

ATTORNEYS FOR PLAINTIFFS
CARLOS PRINCE, DIANE PRINCE,
ABRAHAM PRINCE, ALEXANDER PRINCE.



# Oscar J. Hale, Jr.

### State District Judge
406TH Judicial District Court
1110 Victoria St., Suite 402
Laredo, Texas 78040
406@webbcountytx.gov

TELEPHONE NO. (956) 523-4954
FAX NO. (956) 523-5074

August 14, 2015

CAUSE NO.: <u>2015CVT002742 D4</u>

STYLE: <u>CARLOS PRINCE</u> *Et Al*.

VS

<u>ALONSO ERIVES DELGADO</u>

Please take NOTICE that this case is set for **CALENDAR CALL** on ___11/24/2015___ at 2:00 PM at the 406th District Court, 4th Floor, Webb County Justice Center.

All Calendar Call hearings will be in open court and on the record before the Honorable Judge Oscar J. Hale, Jr. Your presence is MANDATORY unless Counsel for Plaintiff(s) and Defendant(s) file a Joint Pre-Trial Guideline Order (PTGO) with all counsel signatures on the PTGO.

You may download the PTGO at our website: www.Webbcountytx.gov/DC406th/Forms

Counsel for Plaintiff(s) please note that if you fail to appear your case may be dismissed for lack of prosecution.

Counsel for Defendant(s) please note that if you fail to appear for calendar call, a pre-trial guideline order may be entered with or without your approval and/or signature.

If there are any questions regarding this matter please feel free to call our office at any time.

Cruz Maldonado
Civil Court Coordinator

DC:_____

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**1. Article Addressed to:**

Transportes ZuaZua LLC
By serving its registered agent:
Larry Burch
2400 Courage Blvd # 101
Brownsville, TX. 78521

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Monie_
☐ Agent
☐ Addressee

B. Received by (Printed Name)  Larry Burch
C. Date of Delivery  8/29/15

D. Is delivery address different from item 1?  ☐ Yes   ☐ No
If YES, enter delivery address below:
Box 5537

3. Service Type
☑ Certified Mail®     ☐ Priority Mail Express™
☐ Registered          ☐ Return Receipt for Merchandise
☐ Insured Mail        ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)   ☑ Yes

**2. Article Number**
(Transfer from service label)
7015 0920 0000 7485 7537

PS Form 3811, July 2013   Domestic Return Receipt



UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

ESTHER DEGOLLADO
DISTRICT CLERK
PO BOX 667
LAREDO TEXAS 78042

Cs# 2015CVT0027420-4



U.S. POSTAGE >> PITNEY BOWES

ZIP 78040 $ 007.67⁰
02 1N
0001402592 AUG 18 2015

FILED
B.COUNTY TEXAS

EP - 2 PM 2: 13

Alonso Grivos Delgado

08/26/15

7015 0920 0000 7485 752

NIXIE    798531029-1N

RETURN TO SENDER
INSUFFICIENT ADDRESS
UNABLE TO FORWARD
RETURN TO SENDER

# Webb
# County
DISTRICT COURTS &
COUNTY COURTS AT LAW

ESTHER DEGOLLADO / DISTRICT CLERK
P.O. Box 667
LAREDO, WEBB CO., TEXAS 78042-0667

THIS ENVELOPE CONTAINS

## IMPORTANT

LEGAL INSTRUMENTS
FOR YOUR SAFEKEEPING

CERTIFIED MAIL

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X  ☐ Agent
   ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Certified Mail®        ☐ Priority Mail Express™
☐ Registered            ☐ Return Receipt for Merchandise
☐ Insured Mail          ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)    ☐ Yes

7015 0920 0000 7485 7520

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete
  item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

Alonso Enineo Delgado
550 4th Street
Torrillo, TX 79853

2. Article Number
   (Transfer from service label)

PS Form 3811, July 2013        Domestic Return Receipt

Filed
9/18/2015 4:55:25 PM
Esther Degollado
District Clerk
Webb District
Jeanie Aguilar
2015CVT002742D4

## CAUSE NO. 2015CVT002742 D4

| | | |
|---|---|---|
| CARLOS PRINCE, DIANE PRINCE,<br>ABRAHAM PRINCE AND ALEXANDER<br>PRINCE<br>　　　Plaintiffs, | §<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT |
| V. | §<br>§ | 406TH JUDICIAL DISTRICT |
| TRANSPORTES ZUAZUA, LLC AND<br>ALONSO ERIVES DELGADO<br>　　　Defendant. | §<br>§<br>§ | OF WEBB COUNTY, TEXAS |

## DEFENDANT TRANSPORTES ZUAZUA, LLC'S MOTION TO TRANSFER VENUE AND SUBJECT THERETO, ORIGINAL ANSWER

Now comes Defendant, TRANSPORTES ZUAZUA, LLC, Defendant in the above-styled and numbered cause, and files its Motion to Transfer Venue and Subject Thereto, its Original Answer to Plaintiff's Original Petition. Defendant moves to transfer venue on the grounds that all or a substantial part of the events or omissions giving rise to the alleged claims asserted by Plaintiff against Defendant arose in Bexar County, Texas. In support, Defendant will respectfully show the Court as follows:

### A.　　MOTION TO TRANSFER VENUE

1.　　Pursuant to TEX. R. CIV. P. 86 and 87, the claims or actions asserted against Defendant by Plaintiffs should be transferred from Webb County, Texas, which is not the proper county of venue, to Bexar County, Texas, a proper county for venue. The cause(s) of action complained of by Plaintiff, and as stated in Plaintiff's Original Petition, arise in Bexar County, Texas.

2.　　"Proper venue" means venue under the mandatory-venue provisions or, if none apply, under the general venue rule or the permissive-venue provisions. TEX. CIV. PRAC. & REM. CODE ANN. § 15.001(b) (West); *O'Quinn v. Hall*, 77 S.W.3d 438, 448-49

(Tex. App.—Corpus Christi 2002, no pet.). Defendant herein raises the question of proper venue by challenging the Plaintiff's improper choice of venue through a motion to transfer venue. *See Wichita County, Tex. v. Hart*, 917 S.W.2d 779, 781 (Tex. 1996). The question of proper venue is raised by simply objecting to the plaintiff's venue choice through a motion to transfer venue. *Billings v. Concordia Heritage Ass'n, Inc.*, 960 S.W.2d 688, 692 (Tex. App.—El Paso 1997, pet. denied).

3.      Plaintiffs in paragraph 6 of the Original Petition, assert that, "[v]enue is proper in Webb County, Texas in this case under section 15.002(a)(3) of the Texas Civil Practice and Remedies Code because Webb County, Texas is the county of defendant's principal place of business at the time the cause of action accrued." The county where the action is pending does not come within any application of the general venue rule. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.002. Defendant asserts that Webb County is not the proper venue for Plaintiffs' claims and/or actions, and that Plaintiffs have filed their suit in an inappropriate county.

4.      Defendant specifically denies that Plaintiff can maintain venue in Webb County against Defendant pursuant to TEX. CIV. PRAC. & REM. CODE ANN. § 15.002(a)(3). Defendant specifically denies that its principal place of business is at 5517 McPherson Road, Laredo, Texas 78041. Defendant has no offices in Webb County. The address alleged by Plaintiffs is actually the address for a local eatery located in a retail shopping center.

5.      Defendant claims that Plaintiffs' choice of county violates the general venue rule, TEX. CIV. PRAC. & REM. CODE ANN. § 15.002(a), and hereby asserts that venue is proper in Bexar County because all or a substantial part of the events giving

2

rise to the cause of action occurred in Bexar County. *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.002(a)(1).

6.     Pursuant to the general venue provisions cited herein, the venue of this cause is most appropriate in Bexar County, Texas.

## B.     ORIGINAL ANSWER

7.     Subject to and without waiver or limitation of its Motion to Transfer Venue, and while fully reserving the right to file other and further pleadings, exceptions and denials, Defendant generally denies each and every material allegation contained in Plaintiff's Original Petition and demands that Plaintiff be required to prove the same by a preponderance of the evidence in accordance with the laws and rules of civil procedure of the State of Texas.

## C.     PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Defendant, TRANSPORTES ZUAZUA, asks this Court to sustain its Motion to Transfer Venue, and transfer the cause to Bexar County, Texas.  Furthermore, subject to and without waiver or limitation of its Motion to Transfer Venue, Defendant asks this Court to enter judgment that Plaintiff take nothing against it, assess and tax costs against Plaintiff, and award Defendant all other and further relief, at law or in equity, to which it may show itself justly entitled.

Respectfully submitted,

**DAVIDSON TROILO REAM & GARZA, P.C.**
7550 West I.H. 10, Suite 800
San Antonio, Texas  78229
Telephone:  (210) 349-6484
Facsimile:  (210) 349-0041

3

By: _____

**DAVID R. RANGEL**
State Bar No. 24041749
Email: drangel@dtrglaw.com

**ATTORNEYS FOR DEFENDANT
TRANSPORTES ZUAZUA, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded pursuant to Rule 21a, Texas Rules of Civil Procedure, on this the ____18____ day of September, 2015, as follows:

Mr. Thomas J. Henry
Mr. Edwin L. McAninch, *Of Counsel*
**THOMAS J. HENRY, INJURY ATTORNEYS**
521 Starr Street
Corpus Christi, Texas 78401

_____
**DAVID R. RANGEL**

4

Filed
9/18/2015 4:55:25 PM
Esther Degollado
District Clerk
Webb District
Jeanie Aguilar
2015CVT002742D4

## CAUSE NO. 2015CVT002742 D4

| | | |
|---|---|---|
| CARLOS PRINCE, DIANE PRINCE, ABRAHAM PRINCE AND ALEXANDER PRINCE | § § § § § | IN THE DISTRICT COURT |
| Plaintiffs, | | |
| V. | § § | 406TH JUDICIAL DISTRICT |
| TRANSPORTES ZUAZUA, LLC AND ALONSO ERIVES DELGADO | § § § | |
| Defendant. | § | OF WEBB COUNTY, TEXAS |

## FIAT SETTING DEFENDANT TRANSPORTES ZUAZUA, LLC'S MOTION TO TRANSFER VENUE AND SUBJECT THERETO, ORIGINAL ANSWER

Defendant's Motion to Transfer Venue is set for hearing on the _____ day of

_____, 2015, at _____ o'clock A.M./P.M. in the District Court of the 406th

Judicial District, Webb County, Texas.

**SIGNED** this _____ day of _____, 2015.

_____
Judge Presiding

**Copies to:**

Thomas J. Henry/Edwin L. McAninch     Facsimile:     (361) 985-0601
David R. Rangel                       Facsimile:     (210) 341-0041

Filed
9/18/2015 4:55:25 PM
Esther Degollado
District Clerk
Webb District
Jeanie Aguilar
2015CVT002742D4

## CAUSE NO. 2015CVT002742 D4

| | | |
|---|---|---|
| CARLOS PRINCE, DIANE PRINCE, | § | IN THE DISTRICT COURT |
| ABRAHAM PRINCE AND ALEXANDER | § | |
| PRINCE | § | |
|     Plaintiffs, | § | |
| | § | |
| V. | § | 406TH JUDICIAL DISTRICT |
| | § | |
| TRANSPORTES ZUAZUA, LLC AND | § | |
| ALONSO ERIVES DELGADO | § | |
|     Defendant. | § | OF WEBB COUNTY, TEXAS |

## ORDER GRANTING DEFENDANT TRANSPORTES ZUAZUA, LLC'S MOTION TO TRANSFER VENUE

On the _____ day of _____, 2015, Court considered the Defendant's Motion to Transfer Venue, and after considering the pleadings, the response, the affidavits, any discovery filed, and arguments of counsel, finds that the Motion should be **GRANTED**.

**IT IS THEREFORE ORDERED** that the Motion to Transfer Venue is **GRANTED** and this cause is hereby transferred to the Civil District Court in Bexar County.

**SIGNED** this _____ day of _____, 2015.

_____
Judge Presiding

CAUSE NO. 2015CVT002742 D4

| | | |
|---|---|---|
| CARLOS PRINCE, DIANE PRINCE, ABRAHAM PRINCE AND ALEXANDER PRINCE<br>    Plaintiffs, | §<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT |
| V. | §<br>§ | 406TH JUDICIAL DISTRICT |
| TRANSPORTES ZUAZUA, LLC AND ALONSO ERIVES DELGADO<br>    Defendant. | §<br>§<br>§<br>§ | OF WEBB COUNTY, TEXAS |

## FIAT SETTING DEFENDANT TRANSPORTES ZUAZUA, LLC'S MOTION TO TRANSFER VENUE AND SUBJECT THERETO, ORIGINAL ANSWER

Defendant's Motion to Transfer Venue is set for hearing on the ___16th___ day of

___November___, 2015, at ___8:30___ o'clock A.M./P.M. in the District Court of the 406th

Judicial District, Webb County, Texas.

SIGNED this ___23___ day of ___September___, 2015.

_____
Judge Presiding

Copies to:
    Thomas J. Henry/Edwin L. McAninch        Facsimile:   (361) 985-0601
    David R. Rangel                          Facsimile:   (210) 341-0041

Filed
9/25/2015 9:33:50 AM
Esther Degollado
District Clerk
Webb District
Jeanie Aguilar
2015CVT002742D4

## NO. 2015CVT002742 D4

| | | |
|---|---|---|
| **CARLOS PRINCE, DIANE PRINCE,** | § | **IN THE DISTRICT COURT OF** |
| **ABRAHAM PRINCE,** | § | |
| **AND ALEXANDER PRINCE** | § | |
| **Plaintiffs** | § | |
| | § | |
| **VS.** | § | **WEBB COUNTY, T E X A S** |
| | § | |
| **TRANSPORTES ZUAZUA, LLC and** | § | |
| **ALONSO ERIVES DELGADO** | § | |
| **Defendants** | § | **406th JUDICIAL DISTRICT** |

### PLAINTIFFS' FIRST AMENDED PETITION

COMES NOW, Carlos Prince, Diane Prince, Abraham Prince and Alexander Prince, Plaintiffs in the above-referenced matter and file their First Amended Petition complaining of Alonso Erives Delgado and Transportes ZuaZua, LLC, Defendants, and for cause of action would respectfully show unto the Court as follows:

### PARTIES

1.      Plaintiffs Carlos Prince, Diane Prince, Abraham Prince and Alexander Prince are individuals residing in Webb County, Texas.

2.      Defendant Alonso Erives Delgado is a resident of El Paso County, Texas and may be served with process at his place of residence located at 550 4th Street, Tornillo, TX 79853

3.      Defendant Transportes ZuaZua, LLC is a corporation doing business in the State of Texas with its principal place of business at 2400 Courage Boulevard, Suite 101, Brownsville, Cameron County, Texas and has already made an appearance in this matter.

### DISCOVERY LEVEL

4.      Discovery shall be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.

S

B

---

## RULE 47 NOTICE

5.     Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiffs plead an amount in damages in excess of $1,000,000.00.

## VENUE/JURISDICTION

6.     Venue is proper in Cameron County, Texas in this case under section 15.002(a)(3) of the Texas Civil Practice and Remedies Code because Cameron County, Texas is the county of defendant's principal place of business at the time the cause of action accrued.

## FACTS AND CLAIMS

7.     On or about April 6, 2015, Plaintiff, Carlos Prince, was driving a 2013 GMC Sierra C1500 pickup truck from IH 10 westbound onto NE Loop 410 southbound in Bexar County, Texas, when his vehicle was unexpectedly and suddenly struck from behind by Alonso Erives Delgado (hereinafter "Mr. Delgado"), who was driving a 2002 Kenworth trailer truck, license plate number RM5N85, in the course and scope of his employment with Transportes ZuaZua, LLC (hereinafter "the Incident").

8.     Plaintiffs Diane Prince, Abraham Prince and Alexander Prince were passengers in Plaintiff, Carlos Prince's vehicle at the time the incident occurred.

9.     At all times material to this cause of action, Defendant Transportes ZuaZua, LLC, (hereinafter referred to as "ZuaZua") was engaged in the business of transportation. In connection with its operations, ZuaZua maintains various locomotives, motor cars and trucks, and other types of equipment and installations incident to general freight and building materials transportation.

10.     According to the Police crash report, ZuaZua is the owner and/or lessee of the 2002 Kenworth trailer truck driven by Mr. Delgado.

DEFENDANT ALONSO ERIVES DELGADO

NEGLIGENCE

11.    The occurrence made the basis of this suit and the resulting injuries and damages of Plaintiffs were proximately caused by the negligent conduct of Mr. Delgado. Mr. Delgado operated his vehicle in a negligent manner by violating the duty owed to the Plaintiffs to exercise ordinary care in the operation of his motor vehicle in one or more of the following respects:

a.    in failing to control speed;

b.    in failing to maintain an assured clear distance ;

c.    in failing to keep a proper lookout or such lookout, which a person of ordinary prudence would have maintained under same or similar circumstances;

d.    in failing to timely apply the brakes of the vehicle in order to avoid the collision in question;

e.    in failing to turn the vehicle in an effort to avoid the collision in question;

f.    in failing to maintain a safe speed; and

g.    failure to take evasive action to avoid the collision.

Mr. Delgado's negligence was a proximate cause of Plaintiffs' injuries alleged herein.

NEGLIGENCE PER SE

12.    Mr. Delgado failed to exercise the mandatory standard of care in violation of the Texas Transportation Code in the following respects:

a.    Violation of section 545.062(a) of the Texas Transportation Code – "An operator shall, if following another vehicle, maintain an assured clear distance between the two vehicles so that, considering the speed of the vehicles, traffic, and the conditions of the highway,

the operator can safely stop without colliding with the preceding vehicle or veering into another vehicle, object, or person on or near the highway."

      b.      Violation of section 545.351(a)(1)-(2) of the Texas Transportation Code – "An operator may not drive at a speed greater than is reasonable and prudent under the circumstances then existing and shall control the speed of the vehicle as necessary to avoid colliding with another person or vehicle that is on or entering the highway in compliance with law and the duty of each person to use due care."

13.     Mr. Delgado's violations of sections 545.062(a) and 545.351(a)(1)-(2) of the Texas Transportation Code were proximate causes of Plaintiffs' injuries alleged herein.

GROSS NEGLIGENCE

14.     Mr. Delgado's negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, his conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiffs. Mr. Delgado had actual, subjective awareness of the risk involved but, nevertheless, proceeded with conscious indifference to the rights, safety, or welfare of Plaintiffs or others similarly situated.

15.     Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence, negligence per se and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiffs suffered and which Plaintiffs will continue to suffer in the future, if not for the remainder of their natural lives.

DEFENDANT TRANSPORTES ZUAZUA LLC

RESPONDEAT SUPERIOR

16.     At all times material hereto, Mr. Delgado was acting within the course and scope of his employment with ZuaZua. ZuaZua is liable under the theory of respondeat superior.

17.     ZuaZua is responsible for the acts and/or omissions of Mr. Delgado, which, whether taken singularly or in any combination, constitutes negligence, negligence per se, and gross negligence and was a proximate cause of the collision, injuries and other damages as specifically set forth herein, all of which Plaintiffs have suffered and will continue to suffer in the future, if not for the remainder of their natural lives.

NEGLIGENT HIRING/RETENTION/TRAINING/ENTRUSTMENT

18.     ZuaZua was independently negligent in one or more of the following aspects:

     a.     negligent hiring;

     b.     negligent entrustment;

     c.     negligent review of driver qualifications;

     d.     negligent training and supervision;

     e.     negligent retention;

     f.     negligent contracting; and

     g.     negligent maintenance.

19.     ZuaZua is liable for the negligent entrustment of its vehicle to Mr. Delgado. At all times material hereto, ZuaZua was the owner or lessor of the vehicle operated by Mr. Delgado. ZuaZua negligently entrusted its vehicle to Mr. Delgado, whom ZuaZua, knew or should have known, was an incompetent and/or reckless driver. ZuaZua violated its duty to exercise ordinary care in the entrustment and operation of its motor vehicle to Mr. Delgado.

20.   Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and was a proximate cause of the collision, injuries and damages which Plaintiffs have suffered and will continue to suffer in the future, if not for the remainder of their natural lives.

GROSS NEGLIGENCE

21.   ZuaZua's negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, ZuaZua's conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiffs. ZuaZua had actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, or welfare of Plaintiffs or others similarly situated.

22.   Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and gross negligence and was a proximate cause of the collision, injuries and damages which Plaintiffs have suffered and will continue to suffer in the future, if not for the remainder of their natural lives.

DAMAGES

23.   As a direct and proximate result of Defendants' negligent and grossly negligent conduct, Plaintiffs Carlos Prince, Diane Prince, Abraham Prince and Alexander Prince suffered severe bodily injuries. The injuries are permanent in nature and have a serious effect on Plaintiffs' health and well-being. These injuries have caused the Plaintiffs' physical and mental condition to deteriorate generally and have caused and will, in all reasonable probability, cause Plaintiffs to suffer ill effects throughout his body into the future, if not for the balance of his natural life.

24.     As a further result of the Incident, Plaintiffs have incurred expenses for medical care and treatment. These expenses were incurred for the necessary and reasonable care and treatment of the injuries resulting from the incident complained of. The charges are reasonable and are the usual and customary charges made for such services in the County where they were incurred.

25.     As a further result of the injuries sustained by Plaintiffs, there is a reasonable probability that they will require further medical care and attention and will incur future reasonable and necessary expenses for their medical care and attention.

26.     As a consequence of Defendants' acts and/or omissions Plaintiffs further seek recovery of damages for:

     a.    Pain and suffering in the past;
     b.    Pain and suffering in the future;
     c.    Mental anguish in the past;
     d.    Mental anguish in the future;
     e.    Past medical expenses;
     f.    Future medical expenses;
     g.    Physical impairment in the past;
     h.    Physical impairment in the future;
     i.    Physical disfigurement in the past;
     j.    Physical disfigurement in the future;
     k.    Loss of wages in the past;
     l.    Loss of future wage earning capacity;
     m    Pre-judgment interest;
     n.    Post-judgment interest;
     o.    Exemplary damages; and
     p.    Property Damage.

## JURY DEMAND

27.     Plaintiffs demand a trial by jury.

## RULE 193.7 NOTICE

28.     Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiffs hereby gives actual notice to Defendants that any and all documents produced by any Defendant in response to

written discovery may be used against any and all Defendants producing the documents at any pre-trial proceeding and/or at the trial of this matter, without the necessity of authenticating the documents.

## REQUEST FOR RULE 194 DISCLOSURES

29.     Pursuant to Texas Rules of Civil Procedure 194, Defendants are requested to disclose within 50 days after service of the citation and petition the information or material described in Rule 194.2 (a) through (l).

## PRAYER

Plaintiffs pray that the Defendants be cited to appear and answer, and on final trial hereafter, the Plaintiffs have judgment against Defendants in an amount within the jurisdictional limits of this Court, together with all pre-judgment and post-judgment interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiffs may be justly entitled by law and equity, including, but not limited to:

a.     Pain and suffering in the past;
b.     Pain and suffering in the future;
c.     Mental anguish in the past;
d.     Mental anguish in the future;
e.     Past medical expenses;
f.     Future medical expenses;
g.     Physical impairment in the past;
h.     Physical impairment in the future;
i.     Physical disfigurement in the past;
j.     Physical disfigurement in the future;
k.     Loss of wages in the past;
l.     Loss of future wage earning capacity;
m.     Exemplary damages; and
n.     Property Damage.

Respectfully submitted,

THOMAS J. HENRY, INJURY ATTORNEYS


By:   /s/ Edwin L. McAninch
      Thomas J. Henry
      SBN 09484210
      tjhenry@tjhlaw.com
      Edwin L. McAninch, Of Counsel
      SBN 13325050
      emcaninch@tjhlaw.com
      521 Starr Street
      Corpus Christi, Texas 78401
      Tel.: (361) 985-0600
      Fax: (361) 985-0601

ATTORNEYS FOR PLAINTIFFS
CARLOS PRINCE, DIANE PRINCE,
ABRAHAM PRINCE, ALEXANDER PRINCE.

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of Plaintiffs' First Amended Petition was served via the court's electronic filing system, facsimile, and/or certified mail on September 25, 2015 on the following pursuant to Texas Rules of Civil Procedure 21 and 21a:

David R. Rangel
Davidson Troilo Ream & Garza, P.C.
7550 West I.H. 10, Suite 800
San Antonio, Texas 78229
Attorneys for Defendant
Transportes ZuaZua LLC


                    /s/Mark D. Thomas
                    Mark D. Thomas

Filed
9/25/2015 3:08:30 PM
Esther Degollado
District Clerk
Webb District
Veronica Valenzuela
2015CVT002742D4

NO. 2015CVT002742 D4

| | | |
|---|---|---|
| CARLOS PRINCE, DIANE PRINCE, | § | IN THE DISTRICT COURT OF |
| ABRAHAM PRINCE, | § | |
| AND ALEXANDER PRINCE | § | |
| Plaintiffs | § | |
| | § | |
| VS. | § | WEBB COUNTY, T E X A S |
| | § | |
| TRANSPORTES ZUAZUA, LLC and | § | |
| ALONSO ERIVES DELGADO | § | |
| Defendants | § | 406th JUDICIAL DISTRICT |

## PLAINTIFFS' NOTICE OF NONSUIT

Plaintiffs, Carlos Prince, Diane Prince, Abraham Prince and Alexander Prince, give written

notice of their nonsuit.

Plaintiffs ask the Court to sign an order of nonsuit without prejudice on all their claims

against Defendants, Alonso Erives Delgado and Transportes ZuaZua, LLC.

Respectfully submitted,

THOMAS J. HENRY, INJURY ATTORNEYS

By:   /s/ Edwin L. McAninch
　　　Thomas J. Henry
　　　SBN 09484210
　　　tjhenry@tjhlaw.com
　　　Edwin L. McAninch, Of Counsel
　　　SBN 13325050
　　　emcaninch@tjhlaw.com
　　　521 Starr Street
　　　Corpus Christi, Texas 78401
　　　Tel.: (361) 985-0600
　　　Fax: (361) 985-0601

ATTORNEYS FOR PLAINTIFFS
CARLOS PRINCE, DIANE PRINCE,
ABRAHAM PRINCE, ALEXANDER PRINCE.

S

B

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of Plaintiffs' Notice of Nonsuit was served via the court's electronic filing system, facsimile, and/or certified mail on September 25, 2015 on the following pursuant to Texas Rules of Civil Procedure 21 and 21a:

David R. Rangel
Davidson Troilo Ream & Garza, P.C.
7550 West I.H. 10, Suite 800
San Antonio, Texas 78229
Attorneys for Defendant
Transportes ZuaZua LLC

/s/Mark D. Thomas
Mark D. Thomas

Filed
9/25/2015 3:08:30 PM
Esther Degollado
District Clerk
Webb District
Veronica Valenzuela
2015CVT002742D4

NO. 2015CVT002742 D4

| | | |
|---|---|---|
| CARLOS PRINCE, DIANE PRINCE, | § | IN THE DISTRICT COURT OF |
| ABRAHAM PRINCE, | § | |
| AND ALEXANDER PRINCE | § | |
| Plaintiffs | § | |
| | § | |
| VS. | § | WEBB COUNTY, T E X A S |
| | § | |
| TRANSPORTES ZUAZUA, LLC and | § | |
| ALONSO ERIVES DELGADO | § | |
| Defendants | § | 406th JUDICIAL DISTRICT |

## ORDER OF NONSUIT

On this day, the Court considered Plaintiffs' Notice of Nonsuit. The Court hereby nonsuits without prejudice Plaintiffs' claims against Defendants, Alonso Erives Delgado and Transportes ZuaZua, LLC. This order disposes of all claims and all parties in this matter.

SIGNED this _____ day of _____, 2015.

_____
JUDGE PRESIDING

#7132115
Electronically Filed
9/28/14

CAUSE NO. 2015CVT002742 D4

| | | |
|---|---|---|
| CARLOS PRINCE, DIANE PRINCE, | § | IN THE DISTRICT COURT |
| ABRAHAM PRINCE AND ALEXANDER | § | |
| PRINCE | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | 406TH JUDICIAL DISTRICT |
| | § | |
| TRANSPORTES ZUAZUA, LLC AND | § | |
| ALONSO ERIVES DELGADO | § | |
| Defendant. | § | OF WEBB COUNTY, TEXAS |

**DEFENDANT'S NOTICE OF REMOVAL**

**TO THE HONORABLE JUDGE OF SAID COURT:**

Now comes TRANSPORTES ZUAZUA, LLC, a Defendant in the above numbered and styled cause, and files this Notice of Removal, and in support respectfully shows the Court the following:

1.  TRANSPORTES ZUAZUA, LLC ("ZUAZUA") is a Defendant in the above numbered and styled cause filed on August 12, 2015.

2.  The district courts of the United States have original jurisdiction over this action based on diversity of citizenship among the parties.

3.  Pursuant to, and in conformance with the requirements set forth in 28 U.S.C. § 1446, Defendant removes this action for trial from the 406th Judicial District Court, Webb County, Texas, on this the 28th day of September, 2015.

Respectfully submitted,

**DAVIDSON TROILO REAM & GARZA, P.C.**
7550 West I.H. 10, Suite 800
San Antonio, Texas  78229
Telephone:  (210) 349-6484
Facsimile:   (210) 349-0041

By: _//s// David R. Rangel_____
     **DAVID R. RANGEL**
     State Bar No. 24041749
     Email: drangel@dtrglaw.com

     **ATTORNEYS FOR DEFENDANT**
     **TRANSPORTES ZUAZUA, LLC**

**<u>CERTIFICATE OF SERVICE</u>**

     I hereby certify that a true and correct copy of the foregoing document has been forwarded pursuant to Rule 21a, Texas Rules of Civil Procedure, on this the 28th day of September, 2015, as follows:

Mr. Thomas J. Henry
Mr. Edwin L. McAninch, *Of Counsel*
**THOMAS J. HENRY, INJURY ATTORNEYS**
521 Starr Street
Corpus Christi, Texas 78401

     *//s// David R. Rangel*_____
     **DAVID R. RANGEL**

2

ProDoc® eFiling 2 - Filing Details



<u>Log Out</u>

logged in as drangel@dtrglaw.com

| Home | Submit Filing | Submit eService | My Filings | My eServices | Resources |

« Back to Home

🖶 Print Page

### Filed Date & Time

| Date: | Time: |
|---|---|
| Monday, September 28, 2015 | 4:19:12 PM |

### Filing Status Definitions        Envelope Information

**Envelope Number:** 7132115
**Case Category:** Civil - Injury or Damage
**Cause Number:** 2015CVT002742D4

**Court Assignment:** Webb County - District Clerk - District Venue
**Case Type:** Motor Vehicle Accident
**Case Title:**

### Envelope Fee                     Est.Amount

**Court Fees:**

| Total Court Service Fees | $2.00 |
|---|---|

**State eFiling System Processing Fees:**

| Convenience Fee | $0.06 |
|---|---|

| **Total Envelope Fees:** | **$2.06** |
|---|---|

### Payment Information

**Account Name:** Rangel
**Payment Method:** Credit Card
**Credit Card Type:** AMEX
**Card Number:** XXXX XXXX XXXX 1005
**Card Expiration Date:** 03/2017
**Transaction Amount:** $2.06
**Transaction Status:**
**Transaction ID:** 11662845
**Transaction Order ID:** 007132115-0

### Personal Information

**Filer:** David Rangel
**Attorney of Record:** David Rangel
**Firm or Organization:** Davidson Trollo Ream & Garza
**Bar Number:** 24041749

### Service Recipients

### Motion (No Fee)

### Filing Fees

| Total Filing Fees: | $0.00 |
|---|---|

### Filing Information

**Current Status:** ? submitting
**Filing Description:** DEFENDANT'S NOTICE OF REMOVAL
**Reference Number:** 6722/9 ZUAZUA
**Comments for Clerk:**

### Document Information

**Document(s) Filed:**
**Lead Document:**

📄 Original - D ZUAZUA NTC OF REMOVAL (STATE) 15-0928.pdf [Does not contain sensitive data]

**Document Description:** Original - D ZUAZUA NTC OF REMOVAL (STATE) 15-0928.pdf

---

This site and all contents Copyright ©2003-2015 Thomson Reuters. All rights reserved.

**Loading...**

2015CVT002742 D4 : Carlos Prince, Diane Prince, Abraham Prince, Alexander Prince vs. Transportes Zuazua Llc, Alonso Erives Delgado : Webb County Judicial I...

Case 5:15-cv-00216   Document 3   Filed on 09/28/15 in TXSD   Page 40 of 41



As of 9/28/2015 3:55:10 PM

## Case # 2015CVT002742 D4

**Carlos Prince, Diane Prince, Abraham Prince, Alexander Prince vs. Transportes Zuazua Llc, Alonso Erives Delgado**

| | |
|---|---|
| **Type:** | Injury Or Damage |
| **Date Filed:** | 8/12/2015 12:00:00 AM |
| **Court:** | 406th District Court |
| **Complaint:** | Injury Or Damage |

### Party Information

| Name | Affiliation |
|---|---|
| Transportes Zuazua Llc | Defendant |
| Carlos Prince | Plaintiff |
| Alonso Erives Delgado | Defendant |
| Diane Prince | Plaintiff |
| Abraham Prince | Plaintiff |
| Alexander Prince | Plaintiff |

### Attorney Information

| Name | Affiliation |
|---|---|
| David R Rangel | Attorney for Defendant |
| Edwin L Mcaninch | Attorney for Plantiff |

### Court Dates

| Date | Description | Status |
|---|---|---|
| 11/24/2015 2:00:00 PM | Calendar Call | Open |
| 11/16/2015 8:30:00 AM | Motion To Transfer | Open |

### Activity

| Date | Type | Description |
|---|---|---|
| 9/25/2015 3:08:37 PM | Motion For Non-Suit | *IMG* PLAINTIFFS NOTICE OF NONSUIT EFILED BY ATTORNEY EDWIN L. MCANINCH VV ORDER ATTACHED. RECEIVED AND SENT TO COURT COORDINATOR VV |
| 9/25/2015 9:33:50 AM | Original Petition | *IMG* PLAINTIFFS' FIRST AMENDED PETITION E-FILED BY ATTY EDWIN L. MCANINCH (AS PER KAREN W/ ATTY'S OFFICE, NO SERVICE IS NECESSARY) JLA |
| 9/24/2015 10:23:03 AM | Notices of Hearing | *IMG* FIAT SETTING DEFENDANT TRANSPORTES ZUA ZUA, LLCS MOTION TO TRANSFER VENUE AND SUBJECT THERE TO, ORIGINAL ANSWER SET FOR 11/16/15 AT 830AM SIGNED BY JUDGE HALE ON 9/23/15 VV |

2015CVT002742 D4 : Carlos Prince, Diane Prince, Abraham Prince, Alexander Prince vs. Transportes Zuazua Llc, Alonso Erives Delgado : Webb County Judical I...

Case 5:15-cv-00216   Document 3   Filed on 09/28/15 in TXSD   Page 41 of 41

| 9/23/2015 2:46:43 PM | Coordinator's Notes | COPY OF FIAT SETTING DEFENDANT TRANSPORTES ZUAZUA, LLC'S MOTION TO TRANSFER VENUE AND SUBJECT THERETO, ORIGINAL ANSWER, SET FOR HEARING ON NOVEMBER 16, 2015 AT 8:30 AM., NOTICE OF SETTING FAXED TO ATTORNEYS EDWIN L. MCANINCH, AND DAVID R. RANGEL. (CM) |
|---|---|---|
| 9/23/2015 2:46:36 PM | Court Case Assignment | Court date/time: 11/16/2015 8:30 Hearing Type: 22 Mtn/Tnsfer Assignment of court date/time. Status entered as Open |
| 9/18/2015 4:55:25 PM | Filing Papers | *IMG* DEFENDANT TRANSPORTES ZUAZUA, LLC'S MOTION TO TRANSFER VENUE AND SUBJECT THERETO, ORIGINAL ANSWER (ATTACHED WITH FIAT/ORDER) E-FILED (AND MOTION TO TRANSFER VENUE PD) BY ATTY DAVID R. RANGEL RCVD & SENT TO COURT COORDINATOR JLA |
| 9/2/2015 2:13:00 PM | Returns | *IMG* CITATION BY CERTIFIED MAIL RETURNED UNEXECUTED "RETURN TO SENDER-INSUFFICIENT ADDRESS-UNABLE TO FORWARD-RETURN TO SENDER" AS TO ALONSO ERIVES DELGADO JLA |
| 9/1/2015 10:02:21 AM | Returns | *IMG* RETURN RECEIPT REQUEST SHOWING SERVICE AS TO TRANSPORTES ZUAZUA LLC BY SERVING LARRY BURCH DOS 8/29/15 VV |
| 8/14/2015 8:32:17 AM | Issuance | *IMG*(4) CITATIONS ISSUED TO ALFONSO ERIVES DELGADO AND TRANSPORTES ZUAZUA LLC BY CERTIFIED MAIL RETURN RECEIPT. (LT) |
| 8/14/2015 8:30:41 AM | Notes | *IMG*CALENDAR CALL FAXED TO ATTORNEY EDWIN L. MCANINCH AND ATTACHED COPY TO CITATIONS. (LT) |
| 8/14/2015 8:30:38 AM | Court Case Assignment | Court date/time: 11/24/2015 14:00 Hearing Type: 17 Clndr Call Assignment of court date/time. Status entered as Open |
| 8/12/2015 12:09:53 PM | Case Status | Case Status entered as ACTV. Case Status ACTV: Active For ALONSO ERIVES DELGADO |
| 8/12/2015 12:09:53 PM | Complaint | *IMG*INJURY OR DAMAGE |
| 8/12/2015 11:51:46 AM | Jury Fee | JURY DEMAND PAID BY ATTORNEY EDWIN L. MCANINCH. (LT) |

**For more information, please contact the Webb County District Clerks (956-523-4268) or County Clerks (956-523-4266) office.**

