United States District Court
Southern District of Texas
**ENTERED**
January 19, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| CARLOS PRINCE, et al, § | |
|     Plaintiffs, § | |
| § | |
| v. § | CIV. NO. 5:15-cv-216 |
| § | |
| TRANSPORTES ZUAZUA, LLC, and § | |
| ALONSO ERIVES DELGADO, § | |
|     Defendants. § | |

## MEMORANDUM AND ORDER

On November 12, 2015, the Court directed the parties to brief whether it has jurisdiction over this case. (Dkt. 6.) Defendant Transpotes ZuaZua, LLC ("ZuaZua") filed a brief in compliance with the Court's order on December 8, 2015. (Dkt. 7.) Plaintiffs have not responded to the Court's order, but have sent a letter to the Clerk's office indicating that a Notice of Nonsuit had been filed in the state proceeding prior to the removal. (Dkt. 9.) The Court noted the deficiencies in Plaintiffs' filing in a Memorandum of January 6, 2016. (Dkt. 10.) The Court now addresses the jurisdictional issue, including the effect of the Notice of Nonsuit.

## BACKGROUND

This case arises out of a traffic accident that occurred at the intersection of Interstate 10 and Interstate 410 in San Antonio, Texas. Plaintiffs allege that Defendant Alonso Erives

Delgado, acting within the scope of his employment with Defendant ZuaZua, was driving a tractor-trailer when he rear-ended Plaintiffs' vehicle on April 6, 2015.  Plaintiffs bring negligence claims against both Defendants, asking for over $1,000,000 in damages.  Defendant ZuaZua removed to this Court from the 406th Judicial District of Webb County, Texas, on September 28, 2015.

## JURISDICTION

ZuaZua removed this case on the basis of federal diversity jurisdiction.  See 28 U.S.C. §1332.  Diversity jurisdiction requires every plaintiff to be a citizen of a different state than every defendant.  Caterpillar Inc. v. Lewis, 117 S.Ct. 467, 472 (1996).  The removing party bears the burden of establishing that the federal court has jurisdiction.  Miller v. Diamond Shamrock Co., 275 F.3d 414, 417 (5th Cir. 2001).  In this case, Plaintiffs are Texas citizens, Defendant ZuaZua is a citizen of Mexico, and Defendant Delgado is a Texas citizen.  On the face of the complaint, there is not complete diversity.

ZuaZua argues that Delgado is improperly joined to this lawsuit.  Specifically, ZuaZua asserts that Alonso Erives Delgado, named as a defendant in this suit, is not the same Delgado who drove the truck on the day of the accident. (Dkt. 7 at p. 1.) ZuaZua claims that the truck was driven by Abdiel Delgado Villar, a Mexican citizen. (Id. at p. 2.)  ZuaZua further alleges that Defendant Alonso Erives Delgado was not employed by ZuaZua and that

it is unclear how Plaintiffs came up with that name when filing this case. (Id.)

"There are two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004)(en banc). Although ZuaZua does not specify on which theory it relies, its evidence and arguments seem aimed toward the second prong.

Based on the evidence before the Court, it appears that Plaintiffs will not be able to establish a cause of action against Defendant Alonso Erives Delgado in state court because he was not the driver involved in the accident. The police report of the accident indicates that the driver was named "Delgado" without further elaboration. (Dkt. 7-1 at p. 2.) Arturo Cordoba, Manager of Transportes ZuaZua, testifies by sworn affidavit that the "Delgado" involved in this accident is Abdiel Delgado Villar, a Mexican citizen, not Alonso Erives Delgado. (Dkt. 7-2 at p. 2.) ZuaZua proffers copies of Abdiel Delgado Villar's Mexican Passport, United States Border Crossing Card, Mexican Driver's License, and Mexican Voter Identification, all of which Cordoba indicates are kept by ZuaZua in Abdiel Delgado Villar's personnel file. (Dkt. 7-3.) Cordoba further testifies by sworn affidavit that no one named

Alonso Erives Delgado has ever driven for ZuaZua. (Dkt. 7-2 at p. 2.) Plaintiffs offer no rebuttal to this evidence.

The Court finds that Defendant Alonso Erives Delgado is improperly joined.

## NOTICE OF NONSUIT

ZuaZua removed this case on September 28, 2015. In its Index of Matters filed, ZuaZua indicates that Plaintiffs filed a "Notice of Nonsuit" in the state court proceeding on September 25, 2015, three days before removal. (Dkt. 3 at p. 2, 34.) Under Texas Rule of Civil Procedure 162, a notice of nonsuit terminates a case the moment it is filed. Miller v. Armogida, 877 S.W.2d 361, 364 (Tex. App.-Houston [1st Dist] 1994, writ denied). If so, this case was terminated before it was filed in federal court.

## CONCLUSION

Accordingly, Plaintiffs' claims against Alonso Erives Delgado are DISMISSED without prejudice. The Court DIRECTS the remaining parties to either file an agreed motion to dismiss or explain why the case should not be dismissed by no later than February 2, 2016. If nothing is filed by that date, the Court will dismiss this case without prejudice.

DONE at Laredo, this 19th day of January, 2016.

_____
George P. Kazen
Senior United States District Judge